NOT DESIGNATED FOR PUBLICATION

No. 115,336

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY SMITH,
*Appellant*,

v.

RAY ROBERTS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed April 14, 2017. Affirmed.

*Rhonda K. Levinson*, of Perry and Trent, L.L.C., of Bonner Springs, for appellant.

*Sherri Price*, legal counsel/special assistant attorney general, of Lansing Correctional Facility, for appellee.


Before HILL, P.J., MALONE and GARDNER, JJ.


*Per Curiam*: Anthony Smith appeals the district court's dismissal of his K.S.A. 2016 Supp. 60-1501 petition for habeas corpus. The district court found, in the alternative, that Smith failed to exhaust administrative remedies, that Smith's petition was not filed timely, and that Smith's argument was not meritorious. Finding no error, we affirm.

*Factual and procedural background*

Anthony Smith entered prison in the early 1980s and was granted parole in 1991. While on parole, he absconded and a warrant was issued for his arrest in February 1993. He was apprehended on an absconder warrant and arrested for new crimes in May 1993. Smith was sentenced in August 1993 on his new crimes to a pre-guidelines sentence of 3 to 10 years, a term which was added to his sentences on several prior convictions, for an aggregate indeterminate sentence of 10 to 40 years. Due to "delinquent time" (time between the date his absconder warrant issued and the date he was arrested on the warrant), he was given a conditional release date of November 19, 2009.

In January 1995, Smith was again granted parole and again absconded. An absconder warrant was issued in August 1995. Smith was rearrested in February 1996 and booked into federal custody as he was also under a federal indictment. He remained in federal custody through the resolution of those charges in November 1996, when he was returned to the custody of the Kansas Secretary of Corrections. Due to delinquent time while in absconder status, Smith's conditional release date was adjusted to June 2, 2010.

Smith was again paroled in November 2006. While on parole, he committed a new crime (Aggravated Battery—Reckless, Bodily Harm) based on an offense on September 30, 2010. For this conviction, he was sentenced to an 18-month determinate sentence, to be served consecutive to his aggregated indeterminate sentence. While Smith was on parole prior to his arrest for the September 30, 2010, offense, his conditional release date of June 2, 2010, passed.

From June 11, 2013, through October 20, 2014, Smith engaged in a series of grievances and other correspondence alleging that the Kansas Department of Corrections (KDOC) was using an incorrect "sentence begins date" for his aggregated indeterminate

2

sentence of 10 to 40 years, which affected his conditional release date. He argued that his "delinquent time" had not been calculated properly into his sentence. Smith received no relief. Among the responses Smith received were two letters from the warden. The first, dated July 15, 2013, stated Smith's conditional release date on his indeterminate sentences had passed on June 2, 2010, when he was out on parole, and he would not be given a new conditional release date. The warden's later response, dated June 11, 2014, informed Smith that his sentence computation is part of the classification decision making process. The warden also acknowledged to Smith that a similar May 2014 inquiry had informed Smith that his sentence computation had been reviewed in October 1993 and Smith was ineligible for conversion. Finally, the warden informed Smith that use of the grievance procedure for classifications is prohibited and that no further action could be taken.

On November 4, 2014, Smith filed a petition for a writ of habeas corpus in district court. Smith alleged that the KDOC incorrectly calculated his conditional release date and his maximum release date and is unlawfully depriving him of his liberties. The district court issued a writ of habeas corpus on November 18, 2014, ordering Smith to be brought to court for an evidentiary hearing to consider the issue of the lawfulness of his custody. The State moved to dismiss because Smith had not shown that he had exhausted administrative remedies.

At the hearing, the State acknowledged that Smith had sent correspondence to the Secretary of Corrections, but it argued that the correspondence was not an appeal of a grievance. The State argued that the 2013 and 2014 grievance issues both involved Smith's desire to change his conditional release date so that he could be released. Smith argued that his 2013 grievance was about his inaccurate conditional release date based on an inaccurate sentence begins date relative to his aggregated sentence, but his 2014 grievance was about how his delinquent time during his periods in which he absconded

3

was miscalculated, causing the KDOC to hold him past his correct conditional release date. The district court took the matters under advisement.

In its memorandum decision filed on June 1, 2015, the district court granted the State's motion to dismiss and denied Smith's request for a writ of habeas corpus. The court attached two documents to its decision: Smith's 2013 grievance form; and the warden's July 15, 2013, response to that grievance. The decision found as follows: The grievance filed in 2014 involved the same issue as that filed in 2013, since both involved recalculating Smith's conditional release date on his indeterminate aggregated sentence; the 2014 grievance was a "rehash" of the 2013 grievance, which was not appealed to the Secretary; Smith did not exhaust administrative remedies regarding the 2014 grievance; Smith did not timely file his petition after a final decision regarding the 2013 grievance; and even if Smith exhausted administrative remedies and filed a timely petition, his argument regarding the necessity to recalculate his conditional release date was not meritorious. Smith appeals.

*Our standard of review*

An appellate court's review of a district court's dismissal of a K.S.A. 2016 Supp. 60-1501 petition for habeas corpus is limited to whether the factual findings of the district court are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004). In this case, the district court granted the State's motion to dismiss and denied Smith's petition on three alternative grounds: (1) that Smith failed to exhaust administrative remedies; (2) that Smith's petition was not timely filed; and (3) that Smith's argument was not meritorious.

4

*Smith appeals only one of three rationales for the dismissal*

When a district court provides alternative bases to support its ultimate ruling on an issue and an appellant fails to challenge the validity of each alternative basis on appeal, an appellate court may decline to address the appellant's challenge to the district court's ultimate ruling. *State v. Novotny*, 297 Kan. 1174, 1180, 307 P.3d 1278 (2013). Smith does not address the court's first alternative basis for its decision—that Smith's petition was untimely as to the 2013 grievance. An issue not briefed by the appellant is deemed waived or abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). A point raised only incidentally in a brief and not argued therein is deemed abandoned. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013). Consequently, Smith has abandoned that issue.

Smith does address the district court's finding that his petition was not meritorious, making three claims of error. First, he argues that he did not receive an evidentiary hearing. But this is contrary to the record, which reflects that an evidentiary hearing was held. Second, he argues that an evidentiary hearing is necessary to provide dates of execution for his absconder warrants and their relationship to the calculation of his conditional release date. The record, however, contains ample evidence regarding those dates. Third, Smith argues that it was "clear error" for the district court to cite to a revoked regulation in its decision. The regulation cited by the district court was, in fact, revoked, but Smith fails to acknowledge that a materially similar, if not identical, regulation is current and in effect:  K.A.R. 44-6-101(a)(1) ("Following a revocation of parole or conditional release, good time credits shall not be available to reduce the period of incarceration before a prisoner review board hearing for reparole."). Although the district court's citation was inaccurate, the legal reasoning was sound. The citation mistake amounts to harmless error, not a basis for reversal. See *State v. Ward*, 292 Kan. 541, 565, 256 P.3d 801 (2011). These three misinterpretations of the record comprise

Smith's argument under his second appeal issue. Accordingly, he has shown no basis for relief.

*Substantial, competent evidence supports the district court's conclusion that Smith failed to exhaust his administrative remedies*

We more thoroughly address Smith's assertion that the district court erred in finding he had failed to exhaust his administrative remedies as to his 2014 grievance. An inmate in the custody of the Secretary of Corrections must exhaust his administrative remedies prior to filing any civil action naming the Secretary, warden, or other employee as the defendant; upon filing a petition in a civil action, such inmate shall file with such petition proof that the administrative remedies have been exhausted. K.S.A. 75-52,138; *Sperry v. McKune*, 305 Kan. 469, Syl. ¶ 5, 384 P.3d 1003 (2016). In this case, the district court found that Smith failed on both counts.

The administrative steps for filing a grievance and appealing it up the chain within the KDOC is detailed in K.A.R. 44-15-102. Essentially, an inmate begins the process by filing a grievance at the Unit Team level. The Unit Team then has 10 calendar days to reply. If the Unit Team does not reply within that timeframe, the inmate's grievance may be sent to the warden without the Unit Team's signature. K.A.R. 44-15-102(a). If the inmate is not satisfied with the Unit Team's response, within 3 days of the response, the inmate may request that the grievance be transferred to the warden, attaching any and all documents used to attempt to solve the problem. K.A.R. 44-15-102(b).

Upon receipt of the grievance by the warden, a serial number is assigned, as well as an acknowledgement of the date of receipt; the warden has 10 working days to answer the inmate's grievance. K.A.R. 44-15-102(b)(3)(A). Any grievance may be rejected by the warden if it does not comport with the regulations. If rejected, the grievance shall be

6

sent back to the Unit Team for an immediate answer to the inmate. K.A.R. 44-15-102(b)(3)(F).

If no response from the warden is received by the inmate within the time allowed, any grievance may be sent to the Secretary of Corrections with an explanation of the reason for the delay. K.A.R. 44-15-102(b)(3)(G). Grievances can be appealed to the Secretary within 3 days if the warden's answer is not satisfactory, and the Secretary then has 20 working days to respond. If, however, a grievance is submitted to the Secretary without prior action by the warden, the Secretary may return the grievance to the warden. If the warden does not respond in a timely manner, the Secretary shall accept the grievance. K.A.R. 44-15-102(c). Repetitive filings of the same grievance are prohibited, and can be sanctioned by the Secretary. K.A.R. 44-15-102(d)(3).

*2014 Grievance Procedure*

The district court found that the 2013 and 2014 grievances were the same because both, if granted, would have the effect of moving Smith's conditional release date. However, even if we treat the 2014 grievance as separate and distinct from the 2013 grievance, as Smith would have us do, the record shows that he did not follow the administrative procedures in place, nor did he exhaust them.

Smith was informed in July 2013 that his established conditional release date had passed the last time he was out on parole and he would not get a new conditional release date. He accepted these findings from the warden. This finalized Smith's 2013 grievance procedure. However, on September 30, 2014, he submitted another grievance to the Unit Team regarding the calculation of his conditional release date. Eight days later, he started a new path, outside of established procedures, by submitting a Form 9 directly to the warden with the same claim. The warden responded on the same day that his records were being reviewed. Smith did not appeal the warden's response to the Secretary.

On October 16, 2014, Smith received an out-of-time (16 days) response from his Unit Team. Rather than follow procedure and appeal to the warden, Smith again went outside the chain and sent a letter to the Secretary, requesting that his claims be resolved under K.A.R. 44-15-201, as a "special and complex" problem. Smith acknowledged, however, that his claim was "simple." Also on October 16, 2014, Smith submitted another Form 9 directly to the warden, informing him that because he did not get a response from his Unit Team within 10 days, he had sent a letter to the Secretary.

Four days later, and 1 day out of time, on October 20, 2014, Smith took the following actions: He went back to his Unit Team and indicated on his September 29/30, 2014, grievance that he wanted to appeal to the warden; he wrote another letter to the Secretary in furtherance of his request for resolution of his "special and complex" problem; he submitted another Form 9 directly to the warden with the same complaint regarding the calculations of his conditional release date; and he received the warden's response that his grievance was repetitive of his 2013 grievance.

The record reflects multiple occasions in which Smith did not adhere to the grievance procedure described above. It is true the Unit Team was approximately 6 days late in responding to Smith's September 29/30, 2014, grievance, but it is also apparent that Smith "jumped out of line" contrary to regulations and submitted a Form 9 directly to the warden on the same issue within the Unit Team's 10-day window to respond. And rather than address the Unit Team's lack of timely response with the warden, per K.A.R. 44-15-102(a), Smith bypassed the warden and requested a resolution through the Special Kinds of Problems regulation with the Secretary. In so doing, Smith failed to follow the established procedures in a way that could reasonably be construed as exhausting his administrative remedies.

Simply put, although Smith followed procedure in 2013, he did not appeal. When he appealed in 2014, he did not follow procedure. We find the district court's factual

findings are supported by substantial, competent evidence supporting the conclusion that Smith failed to exhaust his administrative remedies before filing his petition for a writ of habeas corpus in November 2014. Accordingly, we affirm the district court's grant of the State's motion to dismiss and its denial of Smith's petition.

Affirmed.